IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                   ORDER

                  Plaintiff,

                                                                 05-cr-8-bbc

    v.

ANTHONY HOWARD,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On March 24, 2014, defendant Anthony Howard filed a Petition for a Writ of Audita Quere[l]a under 28 U.S.C. § 1651, in which he alleged that he was sentenced improperly under <u>Burrage v. United States</u>, 134 S. Ct. 881 (2014). The motion was denied in an order entered on March 28, 2014, on the ground that it was a successive motion under 28 U.S.C. § 2255 and could not be filed unless defendant obtained permission for the filing from a panel of the Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2255(h). Because this was the third motion that defendant had filed challenging his sentence, I told defendant in that order that I would review any further filings in this case to be certain they were not challenges to his conviction or sentence.

       Now defendant has filed a notice of appeal from the March 28, 2014 order and a motion and affidavit to proceed <u>in forma pauperis</u> on appeal, making still another futile attempt to challenge his 2005 sentence. According to 28 U.S.C. § 1915(a), a defendant who

1

is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." I must certify that petitioner's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). I denied his petition upon screening it because it was a successive petition. Having reviewed the order, I am convinced that reasonable jurists would not debate the conclusions I reached. Because I am certifying petitioner's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of his request for leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Petitioner should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If petitioner does not file a motion requesting review of this order, the court of appeals might not address the denial of leave to proceed. Instead, it may require petition to pay the entire $505 filing fee before it considers his appeal. If petitioner fails to pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that petitioner Anthony Howard's request leave to proceed <u>in forma pauperis</u> on appeal is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5). The clerk of court is requested to insure that petitioner's obligation to pay the $505 filing fee for the appeal is reflected in this court's financial records.

Entered this 23d day of April, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge